**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

NORTH FORK OPERATING, LP
*an Oklahoma Limited Partnership*,

    Plaintiff,

v.                                                                              Case No. 2:24-cv-0748 KRS/DLM

MEWBOURNE OIL COMPANY
*a Texas Corporation*,

    Defendant.

**ORDER TO SHOW CAUSE**

**THIS MATTER** is before the Court sua sponte under the Court's inherent power to regulate its own docket and promote judicial efficiency. *See Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984). Federal Rule of Civil Procedure 41(b) also authorizes this Court to dismiss an action for failure to prosecute sua sponte. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

Here, Plaintiff filed suit against Defendant on July 22, 2024. (Doc. 1.)  Federal Rule of Civil Procedure 4(m) provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

More than 90 days have elapsed since this action was filed in this Court, and there is no indication that the Defendant has been served.

Plaintiff is therefore directed to show cause why its case should not be dismissed without prejudice for failure to comply with the service and time provisions of Rule 4(m). Plaintiff's response to the Court's Order to Show Cause should be filed no later than **January 17, 2025**.

**IT IS SO ORDERED.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE